811 F.2d 607
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Plaintiff-Appellee,
v.
CINCINNATI BRONZE, INC., Defendant-Appellant.
 No. 85-3646.
 United States Court of Appeals, Sixth Circuit.
 Dec. 1, 1986.
 
 Before MILBURN and BOGGS, Circuit Judges, and HARVEY, Senior District Judge.*
 PER CURIAM.
 
 
 1
 The National Labor Relations Board wanted to obtain certain information from Cincinnati Bronze, Inc. ("CBI"). On February 4, 1985, it issued a subpoena to Cincinnati Bronze for that information. The subpoena was served by certified mail, to the attention of CBI's president. Unfortunately, and in contravention of the Board's rules, 29 CFR Sec. 102.111(b), the Board did not serve a copy of the subpoena on CBI's attorney. This violation of the Board's rules is blameworthy and should not be repeated. However, CBI's internal communication was sufficiently effective that CBI objected to the issuance of the subpoena within three days, and well within the period for timely objection.
 
 
 2
 CBI has shown no prejudice from the absence of strict compliance with the Board's rule, and it has in fact complied by producing all material requested in the original subpoena. CBI contended for this proposition in its brief (pp. 2, 3), and counsel for the NLRB conceded at oral argument that full compliance had been effected.
 
 
 3
 There remain, however, pending actions and appeals whose outcome may rest on the validity of the original subpoena. Therefore, we will address that issue. In this case, there was not only no actual prejudice shown, no prejudice has been alleged or even conjectured. Actual notice reached counsel promptly and counsel responded on the merits. We do not here define what possibility of prejudice might be sufficient to invalidate some future subpoena, and we caution the NLRB that deviations of this type will not invariably be held to be harmless.
 
 
 4
 In this instance, however, we believe the holding in NLRB v. Playskool, Inc., 431 F.2d 518 (7th Cir.1970), covers the situation. There, respondents' attorneys were also not served with copies of the subpoenas. The court there enforced the subpoenas, noting that the specific respondents were personally served and that timely petitions to revoke were filed by the respondents.
 
 
 5
 The Order enforcing the subpoena is AFFIRMED.
 
 
 
 *
 The Honorable James Harvey, Senior District Judge, United States District Court for the Eastern District of Michigan, sitting by designation